

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
90th Judicial District
Breckenridge, Texas

O-5197

Dear Sir:

Opinion No. O-5197

Re: When an assessment has been
set aside by order of the distri[ct]
court and the property stand[s]
for reassessment, is the val[ue]
placed thereon by the assess[or-]
collector conclusive or shou[ld]
it be carried before the Com[mis-]
sioners' Court for equalizat[ion?]

And related questions.

We have received and duly considered your letter of
April 12, 1943, in which you request the opinion of this Depart-
ment as to the procedure to be followed in the assessment of p[ro-]
perty for taxes where former assessments have been declared in-
valid and set aside by the district court.

We quote your questions as follows:

"(a) When the assessment has been set aside by
order of the District Court and the property stands
for re-assessment, is the value placed thereon by
the assessor-collector conclusive or should it be
carried before the Commissioners' Court for equali-
zation? In other words, does the assessor-collector
have power, regardless of the wishes of the Commis-
sioners' Court, to set the valuation on the property
and collect the taxes on the valuation set by him?

Honorable Ben J. Dean, Page 2.

"(b) If it is necessary for the Commissioners'
Court to pass on the assessment, can the Commissioners'
Court pass on the assessment at any time, or is it re-
quired to pass on such assessment only when it is con-
vened as a board of equalization at the regular time
set by statute?"

In the event an assessment has been set aside by the
district court, the re-assessment must proceed in accordance
with Article 7346 et seq. Electra Independent School Dist. v.
W. T. Waggoner Estate, _____ Tex. _____, 168 S. W. (2d)
645; French Independent School Dist. of Jefferson County v.
Howth, 134 Tex. 222, 134 S. W. (2d) 1035; Ceyanes v. Tabasco
Consol. Independent School Dist., 94 S. W. (2d) 537, writ
of error refused.

We now quote the applicable statutes:

"Article 7346. Whenever any commissioners court
shall discover through notice from the tax collector
or otherwise that any real property has been omitted
from the tax rolls for any year or years since 1884,
or shall find that any previous assessments on any real
property for the years mentioned are invalid, or have
been declared invalid for any reason by any district
court in a suit to enforce the collection of taxes on
said properties, they may, at any meeting of the court,
order a list of such properties to be made in tripli-
cate and fix a compensation therefor; the said list to
show a complete description of such properties and for
what years such properties were omitted from the tax
rolls, or for what years the assessments are found to be
invalid and should be canceled and re-assessed, or to have
been declared invalid and thereby canceled by any district
court in a suit to enforce the collection of taxes. No re-
assessment of any property shall be held against any inno-
cent purchaser of the same if the tax records of any county
fail to show any assessment (for any year so re-assessed)
by which said property can be identified and that the taxes
are unpaid. The above exception, with the same limitation,
shall also apply as to all past judgments of district courts
canceling invalid assessments. Acts 1905, p. 518.

"Article 7347. When said list has been so made up
the commissioners court may, at any meeting, order a
cancellation of such properties in said list that are
shown to have been previously assessed, but which assess-
ments are found to be invalid and have not been canceled

Honorable Ben J. Dean, Page 3.

by any former order of the commissioners court, or by
decree of any district court; and shall then refer
such list of properties to be assessed or re-asses-
sed to the tax assessor who shall proceed at once
to make an assessment of all said properties, from
the data given by said list (the certificate of the
Comptroller as to assessments or re-assessments made
by the tax assessor shall not be necessary as required
under Article 7207, but he shall furnish all blank
forms needed, that uniformity may be had in all coun-
ties), and when completed shall submit the same to the
commissioners court, who shall pass upon the valuations
fixed by him; and, when approved as to the values, shall
cause the taxes to be computed and extended at the tax
rate in effect for each separate year mentioned in said
list; and, in addition thereto, shall cause to be added
a penalty equal in amount to what would be six per cent
interest to the date of making said list from the date
such properties would have been delinquent had same been
properly rendered by the owner thereof at the time and
for the years stated in said list; provided, that the
certificate of any tax collector given during his term
of office that all taxes have been paid to the date of
such certificate on any certain piece of property, which
is fully described in such certificate, or if the tax
rolls of any county fail to show any assessments against
such property sufficient to identify it, and that the
same was unpaid at the dates such rolls may have been
examined to ascertain the condition of any property as
to taxes unpaid, this shall be a bar to any re-assess-
ment of such property under this law for any years prior
to the date of such certificate, or such examinations;
provided, that the property referred to, when re-assessed,
shall be held by an innocent purchaser, who has relied up-
on the correctness of such certificate, or the tax rolls
heretofore referred to. Id."

The above statutes are clear and unequivocal with the
possible exception as to the time when the Commissioners' Court
should meet as a board of equalization. Article 7206 sets the
time as the second Monday in May or as soon thereafter as prac-
ticable before the first day of June, whereas Article 7346 et
seq allows it to meet at any time for the purposes set out there-
in.

The statutes contained in Chapter 11, Title 122,
R. C. S. 1925 (Article 7346 et seq) are applicable only "in
certain cases" and when applicable they must govern. Ceyanes
v. Tabasco Consol. Independent School Dist., supra. Therefore,

Honorable Ben J. Dean, Page 4.

In our opinion the Commissioners' Court may pass on the re-assessment at any time and is not required to wait until the regular time set by Article 7206.

We trust that the above sufficiently answers the questions asked.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Woodrow Edwards*

Woodrow Edwards
Assistant

WE:pm

APPROVED MAY 22, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB